[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant LeBarron Johnson appeals from the judgment of the trial court sentencing him to two concurrent twelve-month terms of imprisonment for the commission of two felonies of the fourth degree. Johnson had entered a plea of guilty to two counts of complicity to the theft of over $43,000 for participating in a counterfeit- check-cashing scheme with other individuals. While Johnson had prior criminal convictions and juvenile adjudications, he had not previously served a prison term.
In a single assignment of error, Johnson claims that the trial court's imposition of a prison sentence for the commission of two fourth-degree felonies was not supported by the record and was contrary to law. See R.C. 2953.08(A)(4). Johnson contends that the trial court erred in not sentencing him to a community-control sanction or to the minimum prison term available.
When imposing prison terms, a court should be guided by the purposes and principles of sentencing identified in R.C. 2929.11. To determine the length of the prison terms, the trial court should consider the seriousness and recidivism factors outlined in R.C. 2929.12. But before imposing a prison term for a fourth-degree felony, the court should also consider whether any of the factors in R.C. 2929.13(B)(1)(a) through (i) apply, whether the offender is amenable to community control, and whether prison is consistent with the purposes and principles of sentencing. See R.C. 2929.13(B)(2). When imposing a prison term for a fourth-degree felony, the trial court, in addition to making the above findings, is required to give reasons supporting the findings. See R.C. 2929.19(B)(2).
Here, the trial court specified on the felony-sentencing worksheet and in its pronouncements at the time of sentencing that Johnson was not amenable to community control and that a prison term was consistent with the purposes and principles of sentencing. The court explained its findings by noting that: Johnson had committed the offenses for hire or as part of an organized criminal activity, R.C. 2929.13(B)(1)(e); that the presumption of community control was overcome by Johnson's previous unsuccessful probation; that Johnson had prior delinquency adjudications; and, that in contravention of his plea agreement, Johnson had failed to cooperate with the prosecution. See R.C. 2929.13(D). We hold that the record amply supports the trial court's imposition of a prison term for these offenses. See R.C. 2953.08(G)(1) and (2).
If a trial court imposes more than the minimum for a first-time prison term, it must, pursuant to R.C. 2929.14(B), also determine that the minimum term would demean the seriousness of the offense and not adequately protect the public, but it does not have to provide its reasons supporting these findings. See State v. Edmondson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Here, the trial court made the required findings on the felony-sentencing worksheet that it caused to be journalized. The findings are supported in the record and are not contrary to law. See R.C. 2953.08(G)(2).
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.